25CA1213 Peo in Interest of CCG 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1213
Pueblo County District Court No. 24MH30043
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of C.C.G.,

Respondent-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE MOULTRIE
J. Jones and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1     Respondent, C.C.G., appeals the district court's order authorizing the involuntary administration of three antipsychotic medications — quetiapine (Seroquel), paliperidone (Invega), and chlorpromazine (Thorazine). We affirm the order.

## I.     Background

¶ 2     C.C.G. was admitted to the Colorado Mental Health Hospital in Pueblo (CMHHIP) after being found incompetent to proceed to trial in several pending criminal cases. According to the affidavit of his treating physician, Dr. Paul Mattox, C.C.G. has a diagnosis of schizoaffective disorder, is on his third admission to CMHHIP, and has a history of refusing to voluntarily take medication. C.C.G.'s symptoms during the current hospitalization include auditory hallucinations, delusional beliefs, hypersexual behavior, assaultive behavior, depression, suicidal ideation, and suicide attempts — including attempting to hang himself on the day of his most recent admission.

¶ 3     Leading up to the order at issue here, C.C.G. has been subject to orders authorizing the involuntary administration of medications (including Seroquel and Thorazine) since June 2024. C.C.G. voluntarily took Invega for some portion of that time, but he refused

to take Invega beginning in May 2025. In June 2025, the People petitioned for another six-month order authorizing the involuntary administration of Seroquel, Invega, and Thorazine.

¶ 4 The district court conducted an evidentiary hearing, where Dr. Mattox's affidavit was admitted and Dr. Mattox and C.C.G. testified. Dr. Mattox requested authorization to administer Seroquel and Invega to C.C.G. on a regular basis, and to administer Thorazine only as needed for agitation. The court granted the People's petition as to all requested medications. On appeal, C.C.G. challenges the sufficiency of the evidence supporting the court's order.

## II. Legal Authority and Standard of Review

¶ 5 A court may authorize the involuntary administration of medication to a patient only if the People establish each of the following elements by clear and convincing evidence: (1) the patient is incompetent to participate effectively in the treatment decision; (2) treatment by medication is necessary to prevent a significant and likely long-term deterioration in the patient's mental condition or to prevent the likelihood of the patient causing serious harm to themself or others in the institution; (3) a less intrusive treatment alternative isn't available; and (4) the patient's need for treatment

with medication is sufficiently compelling to override their bona fide and legitimate interest in refusing medication. *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985); *accord People in Interest of Strodtman*, 293 P.3d 123, 131 (Colo. App. 2011).

¶ 6     When a patient challenges the sufficiency of the evidence supporting the court's findings on any of these elements, we review the record as a whole and, viewing it in the light most favorable to the People, determine whether the evidence is sufficient to support the court's decision. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23. We review the court's conclusions of law de novo and defer to its findings of fact if supported by evidence in the record. *People v. Marquardt*, 2016 CO 4, ¶ 8. We also defer to the court's resolution of evidentiary conflicts and its determinations of witness credibility, the weight of the evidence, and the inferences to be drawn from the evidence. *See People in Interest of R.C.*, 2019 COA 99M, ¶ 7. A physician's testimony alone may constitute clear and convincing evidence. *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

### III.    The First *Medina* Element

¶ 7    C.C.G. challenges the sufficiency of the evidence only for the first *Medina* element.  He argues that the People failed to establish that he is incompetent to effectively participate in his treatment decisions because his own testimony demonstrated some insight into his illness.  We conclude that Dr. Mattox's affidavit and testimony — which the district court explicitly found to be credible and persuasive — provide ample support for the court's legal conclusion on this element.

¶ 8    A patient is incompetent to participate effectively in treatment decisions when his "mental illness has so impaired his judgment as to render him 'incapable of participating in decisions affecting his health.'"  *Medina*, 705 P.2d at 973 (citation omitted).  When a patient's failure to recognize that he has a mental illness interferes with his ability to effectively participate in treatment decisions, the first *Medina* element is "easily" satisfied.  *People in Interest of C.J.R.*, 2016 COA 133, ¶ 32.

¶ 9    Dr. Mattox directly opined that C.C.G.'s mental illness renders him incompetent to effectively participate in decisions regarding his health and that C.C.G. lacks insight into his mental illness.  By way

4

of example, Dr. Mattox testified that although Invega had previously reduced (but not eliminated) C.C.G.'s hallucinations and delusional behavior, C.C.G.'s condition was deteriorating because he began refusing to take the medication voluntarily. And despite C.C.G. acknowledging that he experienced some psychiatric symptoms including hearing voices and engaging in suicidal and aggressive behavior, he also said that he didn't know whether he had a mental illness or whether he needed to take antipsychotic medications.

¶ 10 To the extent that C.C.G.'s testimony conflicts with that of Dr. Mattox or other record evidence, we defer to the district court's resolution of conflicting evidence. *See R.C.*, ¶ 7. And because the evidence supports the district court's decision that C.C.G.'s mental illness renders him incompetent to effectively participate in decisions regarding his health, we conclude that the first *Medina* element was satisfied. *See C.J.R.*, ¶ 32.

## IV. Disposition

¶ 11 The order is affirmed.

JUDGE J. JONES and JUDGE KUHN concur.